IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration of Certain Controversies between<br><br>GETMA INTERNATIONAL,<br>40 Avenue George V<br>Paris, France 75008,<br><br>     Petitioner,<br><br>and<br><br>THE REPUBLIC OF GUINEA,<br>B.P. 1005<br>Conakry, Republic of Guinea,<br><br>     Respondent. | Civil Action No. _____ |

**PETITION TO CONFIRM**
**ARBITRATION AWARD AND TO ENTER JUDGMENT**

  Getma International ("Getma") respectfully petitions this Court to confirm the Common Court of Justice and Arbitration of Abidjan ("CCJA") Arbitral Award described herein. The CCJA Tribunal determined that the Republic of Guinea ("Respondent"), is liable to Getma for breach of contract and is ordered to pay € 38,531,127 in damages, plus interest at the discount rate of the European Central Bank plus one percent.

  Confirmation in this case is expressly authorized by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"),[1] as implemented in Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. § 201, *et seq.*

---

[1] December 29, 1970, 21 U.S.T. 25157, T.I.A.S. No. 6997, 390 U.N.T.S. 38 (1970).

Getma respectfully states as follows:

1. On April 29, 2014, an arbitral tribunal of three distinguished arbitrators pursuant to a three-year-long arbitration sited in Abidjan, Ivory Coast, rendered a final award (the "Final Award") in a case commenced by Getma, as Claimant, against the Republic of Guinea, as Respondent, before the Common Court of Justice and Arbitration of Abidjan (CCJA) of the *Organisation pour l'Harmonisation en Afrique du Droit des Affaires* ("OHADA"),[2] CCJA Arbitration Case No. 001/2011/ARB. Documents relevant to this Petition are authenticated by and attached as exhibits to the accompanying Declaration of Cédric Fischer, dated September 22, 2014 (the "Fischer Decl.").

2. The Final Award granted monetary relief against the Republic of Guinea in the amount of € 38,531,127. The Final Award also awarded interest at the discount rate of the European Central Bank plus one percent from the date of the Request for Arbitration of May 10, 2011 until full payment. Getma seeks confirmation of the Final Award and enforcement of the monetary relief granted in the Final Award.

3. A copy of an authenticated original of the Final Award is attached to the Fischer Declaration as Exhibit 1.[3]

Parties

4. Petitioner Getma International is a wholly-owned subsidiary of NCT Necotrans and is located at 40 Avenue George V, Paris, France 75008.

---

[2] The *Organisation pour l'Harmonisation en Afrique du Droit des Affaires* ("OHADA") is translated as Organization for the Harmonization of Business Law.

[3] The attached Final Award is in French, the required language of the arbitration. Petitioner has obtained a certified translation of the Final Award. The Final Award attached to the Fischer Declaration is a true and correct copy of the original French language document along with its certified English translation.

2

5. Respondent, the Republic of Guinea, is a foreign state under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et. seq*. The address for Respondent is B.P. 1005, Conakry, Republic of Guinea.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to two statutory bases: first, 28 U.S.C. § 1330(a) and 28 U.S.C. § 1605(a)(6); and second, 9 U.S.C. § 203.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) to confirm an arbitral award against a foreign state provided that the foreign state does not have immunity. Title 28 U.S.C. § 1330(a) states:

> The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

28 U.S.C. § 1330(a).

8. The Republic of Guinea is not entitled to immunity because this is an action under 28 U.S.C. § 1605(a)(6) to confirm an arbitration award under the New York Convention, a treaty providing for the recognition and enforcement of arbitral awards to which the United States is a party.

9. The Final Award is governed by the New York Convention because: (i) the award arose from a commercial legal relationship between the parties; (ii) there was an agreement in writing to arbitrate any dispute(s) arising from that relationship; (iii) the agreement provided for arbitration proceedings to take place in the Ivory Coast, a signatory to the New York Convention; and (iv) at least one of the parties is not an American citizen. *See* 9 U.S.C. § 202.

10. The second basis for this Court's subject matter jurisdiction is Section 203 of the Federal Arbitration Act, which provides jurisdiction to enforce an arbitration award governed by the New York Convention stating:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203.

11. This Court has personal jurisdiction over the Republic of Guinea pursuant to 28 U.S.C. § 1330(b), which provides that personal jurisdiction over a foreign state shall exist as to every claim for relief for which the district court has jurisdiction under 28 U.S.C. § 1330(a) and where service has been made pursuant to 28 U.S.C. § 1608. Petitioner is serving the Republic of Guinea pursuant to 28 U.S.C. § 1608.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(f)(4), which provides that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

## Facts

13. In 2008, the Republic of Guinea and Getma entered into a twenty-five-year Concession Agreement for Getma to develop and operate the country's main port in its capital city Conakry.[4]

14. After a period of political turmoil in which the Concession Agreement was suspended, the parties executed Amendment No. 1 to the Concession Agreement on November

---

[4] *See* Fischer Decl. ¶¶ 7-8; Ex. 1, Final Award ¶ 4.

7, 2009 that clarified certain contractual obligations, including a new schedule of payments and work.[5] Amendment No. 1 left unchanged the general terms and conditions of the Agreement including the dispute resolution provision.[6]

### The Republic of Guinea Breached the Contract

15.     On March 8, 2011, in violation of the termination provisions of the Concession Agreement, the President of the Republic of Guinea issued a decree terminating the Concession Agreement effective immediately and without any compensation to Getma.[7] The justification for the termination was Getma's purported breach of its duties.[8]

16.     Three days later, and before Getma had even received formal notice of the termination, the Republic of Guinea signed a new concession agreement with a different company, Bollore SA.[9]

17.     The Republic of Guinea violated explicit contractual obligations for terminating the Concession Agreement by not providing advance notice of Getma's purported breaches and not providing contractually required compensation to Getma.[10]

18.     Thus, in this arbitration, Getma sought damages, as a result of the Republic of Guinea's unlawful termination of the Concession Agreement, and a declaration that the

---

[5] *See* Fischer Decl. ¶ 9; Exhibit 1, Final Award ¶ 36.

[6] *See id.*

[7] *See* Ex. 1 to Fischer Decl., Final Award ¶¶ 37-38.

[8] *See id.*

[9] *See id.* ¶¶ 39-40.

[10] *See id.* ¶¶ 41, 117-20, 192.

termination was unlawful, null and void.  Total Getma-claimed damages in the arbitration from the Republic of Guinea's breaches exceeded € 42 million.[11]

### The Parties Agreed to Arbitrate All Disputes

19.     The Agreement contained a dispute resolution provision providing for final resolution of any dispute(s) by arbitration under the Rules of the Common Court of Justice and Arbitration of Abidjan ("CCJA") in Article 31.  Article 31 states in full:

> This clause will survive the termination of the agreement.
>
> The OHADA treaty and its subsequent uniform acts apply to this agreement.
>
> All disputes or differences arising from this agreement or its amendments will be settled amicably.
>
> If no amicable settlement can be reached within 3 (three) months following the dispute, the Parties may resort to arbitration in the manner stipulated below:
>
> The claim, dispute or difference will be permanently and irrevocably settled through arbitration proceedings subject to the Arbitration Rules of the Common Court of Justice and Arbitration of the OHADA ("The CCJA Arbitration Rules").
>
> The arbitration commission will be made up of 3 (three) arbitrators, one appointed by the Grantor, the second by the Concessionary and the third by mutual agreement of the two arbitrators.  If a Party does not appoint an arbitrator within thirty (30) days of receipt of a request to do so from the other Party, or if the two arbitrators cannot agree on the selection of the third arbitrator within thirty (30) days (of the appointment of the last arbitrator to be appointed), the Common Court of Justice and Arbitration will substitute for the Parties in accordance with the CCJA Arbitration Rules.
>
> Each of the Parties will bear the cost of the arbitrator it appoints. The other costs incurred for arbitration will be shared equally by the Parties.

---

[11] *See id. ¶ 56.*

> The arbitration will be conducted in French in Abidjan, Republic of Côte d'Ivoire.
>
> The Granting Authority expressly waives claiming any sovereign immunity for itself and for its property in order to evade the enforcement of an award rendered by an arbitration commission set up in accordance with this clause.

*See* Ex. 2 to Fischer Decl., Concession Agreement, Article 31.

### The Arbitration before the CCJA

20.     Getma filed a request for arbitration ("RFA") on May 10, 2011.[12]  Getma's request for arbitration came only after it had made good faith attempts to get the Republic of Guinea to comply with the Concession Agreement, including, ending letters on May 4, 2011 and May 9, 2011.[13]

21.     The parties selected arbitrators in accordance with the dispute resolution provision in the Concession Agreement discussed above.  Getma selected Juan Antonio Cremades and the Republic of Guinea selected Eric Teynier.[14]  The party arbitrators then agreed on Professor Ibrahim Fadlallah as the Tribunal's Chairman and, with the CCJA's confirmation of the appointment, the Tribunal of three distinguished arbitrators was constituted on January 25, 2012.[15]

---

[12] *See* Ex. 1 to Fischer Decl., Final Award ¶¶ 42.

[13] *See id.* ¶¶ 41-42.

[14] *See id.* ¶¶ 6-7.

[15] *See id.* ¶ 3.

22.     Pursuant to Rule 15 of the CCJA Rules, the first hearing took place on March 12, 2012.  At this hearing, the procedure and provisional timetable for the Arbitration was decided, memorialized in Minutes, and the Minutes were signed by the parties.[16]

23.     The parties had extensive briefing on the merits.  On June 18, 2012, Getma filed its Statement of Claim.  The Republic of Guinea filed a Response and Counterclaim on October 18, 2012.  On January 7, 2013, Getma filed its Reply brief; the Republic of Guinea filed a Rejoinder and reply to counterclaims on March 24, 2013.  Getma then filed its Response brief, limited to the Republic of Guinea's counterclaims, on April 22, 2014, and filed a report concerning its damages on April 30, 2013.  The parties filed simultaneous summaries on July 1, 2013.[17]

24.     While the parties were briefing the case in 2012 and 2013, they also made numerous filings regarding the production of documents and access to records.[18]

25.     After filing this CCJA Arbitration in May 2011, Getma had also filed a request for arbitration against the Republic of Guinea on September 29, 2011 before the International Centre for the Settlement of Investment Disputes (ICSID).[19]  This ICSID arbitration concerned the loss of value of the investment going forward, caused by the termination of the Concession Agreement, and is still ongoing and outside the scope of this enforcement action.  The CCJA Arbitration and Final Award, in contrast, concern only the contractual effects of the termination or past damages.  This ICSID arbitration was proceeding in parallel and when the ICSID arbitral tribunal issued its award on jurisdiction on December 29, 2012, the CCJA Tribunal requested,

---

[16] *See id.* ¶ 11.

[17] *See id.* ¶¶ 13-14.

[18] *See id.* ¶¶ 13-24.

[19] *See id.* ¶ 43.

8

and the parties submitted, simultaneous comments on the ICSID Decision on January 17, 2013, with simultaneous rejoinders on March 24, 2013.[20]

26. The Tribunal held hearings for witnesses and experts from May 27-29, 2013, closing arguments on July 8, 2013, which included procedural and merits issues, and a supplementary hearing on December 16, 2013, granted at Respondent's request, concerning purported evidence of corruption involving the Concession Agreement.[21]

27. In Procedural Order No. 11, from January 8, 2014, the Tribunal closed the case and ruled that a request by the Republic of Guinea, to be provided an additional four months to gather evidence of alleged corruption, would be decided along with the merits.[22]

### The Final Arbitration Award

28. On April 29, 2014, the Tribunal rendered the Final Arbitration Award and on May 26, 2014, the CCJA Secretariat served the parties the Award decision.[23] The over one-hundred-page Final Award evidences the substantive and procedural adjudication of the case by the Tribunal.[24] The Final Award was by unanimous decision.[25]

29. The Tribunal found in favor of Getma on several of its claims for a total of € 38,531,127.[26]

---

[20] *See id.*¶¶ 16, 43.

[21] *See id.*¶¶ 23-24.

[22] *See id.*¶ 24.

[23] *See* Fischer Decl. ¶ 6.

[24] *See* Fischer Decl. ¶ 10; Ex. 1, Final Award.

[25] *See* Ex. 1 to Fischer Decl., Final Award, Operative Provisions at 111.

[26] *See* Fischer Decl. ¶ 12; Ex. 1, Final Award, Operative Provisions at 111.

30. The Tribunal also awarded Getma interest equal to the discount rate of the European Central Bank plus one percent from May 10, 2011, the date of Getma's Request for Arbitration, until full payment.[27]

31. On July 23, 2014, Respondent filed a motion to set aside the arbitral award with the CCJA that is baseless on its face.

CLAIMS FOR RELIEF
(9 U.S.C. § 207)

First Claim for Relief
(Confirmation of the Award's Monetary Relief)

32. Petitioner repeats and re-alleges each and every allegation contained in paragraphs 1 through 31, above, inclusive, and incorporates them herein by reference.

33. The U.S. is a contracting party to the New York Convention.

34. The New York Convention has been implemented in the U.S. by Chapter Two of the Federal Arbitration Act.

35. The Final Award is governed by the New York Convention because it was sited in the Ivory Coast, another contracting party to the New York Convention; involves the Republic of Guinea, also a contracting party; and satisfies the requirements of Section 202 of the Federal Arbitration Act. *See* 9 U.S.C. § 202.

36. The Federal Arbitration Act provides that the "court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

---

[27] *See* Fischer Decl. ¶ 13; Ex. 1, Final Award, ¶¶ 269, 271, Operative Provisions at 111.

37. None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Final Award.[28]

38. Therefore, the Final Award should be confirmed pursuant to 9 U.S.C. § 207 and judgment in the United States should be entered for the monetary relief awarded by the Tribunal.

Second Claim for Relief
(Prejudgment Interest on Amounts Due under the Final Award)

39. Petitioner repeats and re-alleges each and every allegation contained in paragraphs 1 through 38, above, inclusive, and incorporates them herein by reference.

40. The Final Award includes interest at the discount rate of the European Central Bank plus one percent from May 10, 2011, the date of Getma's Request for Arbitration, until full payment.

41. Therefore, the Court should award Petitioner's prejudgment interest on all amounts awarded under the Final Award from the respective dates specified in the Final Award until the entry of judgment at the rates specified in paragraph 278 of the Final Award.

**WHEREFORE, Petitioner respectfully requests an order:**

(a) confirming the Final Award, including the monetary relief granted in and entering judgment in favor of Petitioner and against Respondent, in Euros, in accordance with the Final Award;

(b) awarding prejudgment interest, at the discount rate of the European Central Bank plus one percent from May 10, 2011, the date of Getma's Request for Arbitration;

(c) awarding postjudgment interest at the statutory rate; and

(d) granting such other and further relief as the Court deems just and proper.

---

[28] As mentioned supra at ¶31, the Republic of Guinea filed a motion for set aside to the CCJA on July 23, 2014. The grounds for set aside are baseless on their face.

Dated: Washington, D.C.
September 23, 2014

        Respectfully submitted,

        /s/ Allen B. Green
        Allen B. Green (D.C. Bar No. 222158)
        William T. O'Brien (D.C. Bar No. 450891)
        Ivan W. Bilaniuk (D.C. Bar. No. 494315)
        MCKENNA LONG & ALDRIDGE LLP
        1900 K Street, N.W.
        Washington, D.C. 20006
        Telephone: (202) 496-7500
        Fax: (202) 496-7756

        *Attorneys for Petitioner*
        *Getma International*