IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration of Certain Controversies between<br><br>GETMA INTERNATIONAL,<br><br>           Petitioner,<br><br>and<br><br>THE REPUBLIC OF GUINEA,<br><br>           Respondent. | Civil Action No. 1:14-cv-01616-RBW |

## THIRD DECLARATION OF CÉDRIC FISCHER

I, Cédric Fischer, do hereby state the following:

1. I am over the age of 21 and am competent to make this declaration.

2. I am a member of the Bar of Paris, France, since 1980.

3. I am an attorney and founding partner with the law firm of Fischer Tandeau de Marsac Sur & Partners ("Fischer Tandeau") since 1985. Fischer Tandeau has an office located at 67 Boulevard Malesherbes, Paris, France 75008.

4. I hold a masters degree (DEA) of private law from Paris II-Assas Law University. I have been a member of the "Comparative Law Society" (societé de législation comparée) since 1999.

5. I am a former member of the Bar Council of Paris (2004-2006).

6. I have extensive experience representing clients before French courts and international arbitral tribunals, as well as enforcing international arbitration awards.

1

7. Fischer Tandeau was counsel for Petitioner, Getma International ("Getma") in Arbitration Case No. 001/2011/ARB before the Common Court of Justice and Arbitration of Abidjan (CCJA) of the Organisation pour l'Harmonisation en Afrique du Droit des Affaires (OHADA) translated as Organization for the Harmonization of Business Law in Africa. The arbitration concerned the Republic of Guinea's termination of Getma in breach of a Concession Agreement signed with Getma to develop and operate the country's main port in its capital city Conakry ("Concession Agreement"). I am the principal attorney who represented Getma in that arbitration.

8. I make this declaration in support of Getma's Revised Memorandum in Support of Petition to Confirm Arbitration Award and to Enter Judgment and supplement my declarations of September 22, 2014 and April 20, 2015.

## I. GETMA'S REQUEST FOR ORAL PROCEEDINGS IN THE ANNULMENT CASE AND THE CCJA'S ANNULMENT DECISION

9. As stated in greater detail in my previous declarations, the Tribunal issued a unanimous Final Award dated April 29, 2014 awarding Getma a total of € 38,531,127 on its claims (*See* Ex. 1 to Fischer Decl. (Final Award)) that the Republic of Guinea sought to avoid paying by filing an annulment petition in the CCJA on July 23, 2014.

10. When Getma filed its rejoinder to the Republic of Guinea's annulment petition on December 23, 2014, Getma requested that the CCJA organize a hearing for oral arguments pursuant to CCJA Procedural Rule Article 34(1). Ex. 1 at 2 (Letter from M. Konaté and C. Fischer to the CCJA (Dec. 23, 2014)).

11. The CCJA Procedural Rules provide for the organization of the CCJA as well established the CCJA's procedures. CCJA Procedural Rule Article 34 that Getma invoked to demand oral proceedings states:

> 1. The proceedings before the Court are essentially written. However the Court may, upon request by one of the Parties, organize an oral hearing in certain cases.
> 2. In such a case the Chief Clerk shall inform the parties of the decision taken and the date of the hearing as established by the Chief Justice.

Ex. 2 at 15 (CCJA Procedural Rules).[1]

12. When Getma filed its second reply in the annulment proceedings before the CCJA, Getma again requested that the CCJA organize a hearing for oral arguments pursuant to CCJA Procedural Rule Article 34(1). Ex. 3 at 2 (Letter from M. Konaté and C. Fischer to the CCJA (Apr. 17, 2015)).

13. When journalists began approaching Getma asking about the CCJA's annulment decision that they stated the CCJA issued on November 19, 2015, I sent an email on behalf of Getma on November 26, 2015 to the CCJA to inquire about these rumors. In the email to CCJA President Marcel Serekoisse, Getma expressed surprise at such rumors because Getma had in letters of December 23, 2014 and April 17, 2015 requested that the CCJA organize oral proceedings and Getma never received notice that its request was denied or that a hearing was announced, and had not received notice about any decision. Getma requested copies of any ruling that the CCJA issued and stated its most express reservations given the unprecedented procedural situation. Ex. 4 (Email from C. Fischer to M. Serekoisse et al. (Nov. 26, 2015)).

14. The CCJA had in fact issued Decision No. 139-2015 dated November 19, 2015 granting the Republic of Guinea's petition and annulling the award based on the arbitral tribunal

---

[1] The CCJA Procedural Rules that came into force in 1996 were amended in 2014. Article 34 and none of Chapter III concerning oral proceedings were amended.

failing to comply with the CCJA Arbitration Rules concerning the setting of the tribunal's fees. A copy of the CCJA Ruling and a certified English translation is attached as Exhibit 5.[2]

## II. THE TRIBUNAL CRITICIZED THE CCJA

15. In response to the French-language publication *Jeune Afrique's* publication of a December 1, 2015 article reporting on how the CCJA had annulled the 2014 arbitral award, the tribunal wrote a letter to *Jeune Afrique* that it published on December 9, 2015. Ex. 6 (*Jeune Afrique* article (Dec. 9, 2015). The tribunal wrote to defend its honor from the charges that it had not complied with its mission by charging fees to the parties directly without authorization. The letter criticized the CCJA and recounted how the fees issue was dealt with in the arbitration; how the tribunal had transparently approached the issue with the CCJA from even before their appointment; how the CCJA assured them that provisional advance that had been fixed would be increase; how the CCJA encouraged the tribunal to communicate with the parties about agreeing to increased fees; and how the parties came to an agreement on fees. *See id.*

16. In addition, the three members of the Tribunal who are all distinguished European arbitrators wrote an open letter dated December 16, 2015 to their arbitrator colleagues in France and Europe asking for their support. This letter criticized the CCJA for its decision to annul the award; it criticized the CCJA for refusing to increase the provisional advance from the insignificant level of compensation; it provided additional information about the decision, and expanded on the tribunal's defense of their actions concerning fees. Ex. 7 (Letter from Tribunal members to arbitration colleagues (Dec. 16, 2015)). For example, the letter quoted from

---

[2] After Getma had not received a response from the CCJA to its November 26, 2015 email, Getma's counsel Mamadou Konaté went to the CCJA's clerk's office to inquire in person and received a certified copy of the CCJA's annulment dated November 30, 2015. Exhibit 5 consists of the certified copy of the decision dated December 1, 2015 supplied by the Republic of Guinea along with the certified English translation that both parties jointly submitted to this U.S. Court on December 22, 2015.

4

communications with the CCJA in which the CCJA encouraged the Tribunal to confer with the parties about increasing fees. *Id.*

### III. THE MINISTER MINISTER OF JUSTICE OF THE REPUBLIC OF GUINEA ADMITTED A CCJA JUDGE SECRETLY ADVISED THE REPUBLIC OF GUINEA ABOUT THE CCJA'S ANNULMENT DELIBERATIONS

17. The Minister of Justice of the Republic of Guinea Mr. Cheick Sako admitted in a televised interview on December 25, 2015 that he had fought hard to have a Guinean Judge appointed to the CCJA to work for the benefit of Guinea at the CCJA with respect to the annulment case. The Minister of Justice also admitted that this CCJA Judge did in fact work for the Republic of Guinea's benefit by secretly advised it about the annulment proceeding deliberations. Attached is a true and correct copy of a transcript of an interview the Minister of Justice of the Republic of Guinea Mr. Cheick Sako Getma gave to the television station Actuconakry in the Republic of Guinea and the details on how bailiff Maurice Lotte accessed the video from the television channel's website to prepare the certified report. *See* Ex.8 at 12-14(Report on Observations (Jan. 7, 2016)).

### IV. THE TRIBUNAL'S LAWSUIT AGAINST GETMA IN FRANCE

18. As I stated in greater detail in my second declaration, in January 2015, the three members of the Tribunal filed suit against Getma in France for the Republic of Guinea's half of the €450,000 in arbitrator fees that the tribunal and parties had agreed to. The suit was based on Getma being responsible for the entire commitment under a theory of joint and several liability. While the Tribunal members initially lost, they appealed to the Paris Court of Appeals and prevailed in a decision dated June 30, 2015. *See* Ex. 9 (*Fadlallah, et al. v. Getma*, Paris Court of Appeals Judgment (June 30, 2015). Under Paris court order to pay the judgment, Getma did so. On October 5, 2015, Getma appealed this judgment to the Court of Cassation by filing a

notification of appeal. *See* Ex. 10 (*Fadlallah, et al. v. Getma*, Court of Cassation Notification (Oct. 5, 2015).

## V. CONCLUSION

19. Based upon my personal knowledge, I certify that the documents attached to this declaration are genuine, true and correct copies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 24th day of February 2016 in Paris, France.

Cédric Fischer
FISCHER TANDEAU DE MARSAC SUR & PARTNERS
67, boulevard Malesherbes
75008 Paris, France
Telephone: +33 (0)1 47 23 47 24
Fax: +33 (0)1 47 23 90 53